# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RODNEY JOHNSON, and  BJ'S FLEET WASH, LLC,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CITY OF OMAHA; MATT KALCEVICH and BROOK BENCH, in their individual and official capacities; and KARI VASQUEZ and STEVEN SLATER, in their individual capacities;**<br><br>**Defendants.** | **8:22CV131**<br><br>**ORDER TO SHOW CAUSE** |

This matter comes before the Court on the Petition to Enforce Rule 45 Subpoena (Filing No. 25) filed by Plaintiffs, Rodney Johnson ("Johnson") and BJ's Fleet Wash, LLC ("BFW").

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging the defendants ignored applicable laws and City ordinances and treated Johnson unfairly due to his race during the bidding process for a custodial services contract.  (Filing No. 1; Filing No. 21).  Johnson, a black male, is the single member owner of BFW, which has provided cleaning services in eastern Nebraska for many years.  In July 2019, City of Omaha Parks Department officials publicly requested proposals from qualified vendors to provide custodial services for City parks and recreational facilities. Plaintiffs allege that, in bidding for the custodial services contract, Defendants treated Plaintiffs unfairly due to Johnson's race and attempted to award the contract to the City's preferred vendor, BMI Janitorial Group ("BMI"), owned and operated by Dan Beckman, a white male, despite BMI's nonconforming bid.   Plaintiffs also allege that despite the customary prohibition on communication between potential vendors and City employees, City Park officials repeatedly communicated with Mr. Beckman during the bid evaluation periods.  Plaintiffs allege the City ultimately was "forced" to award BFW the contract through a lengthy re-bidding process, and on November 12, 2020, the City of Omaha Mayor signed an Agreement with BFW for the custodial services bid commencing on January 1, 2021.  Plaintiffs allege Defendants then developed a scheme to arbitrarily terminate BFW's contract.  The City terminated BFW's contract on May 4, 2021, and awarded the contract to BMI.  Plaintiffs subsequently filed this lawsuit on April 11, 2022.  (Filing No. 1).

On May 6, 2022, the Court granted Plaintiffs' Unopposed Motion for Early Issuance of Rule 45(a) Subpoena (Filing No. 16), permitting Plaintiffs to serve a subpoena upon a non-party, BMI, prior to the parties' Rule 26(f) planning conference.  On the same date, this Court issued a subpoena to Dan Beckman, President of BMI, commanding him to produce, for the time period of June 1, 2019, to April 15, 2022, "All communications between any principal, agent or employee of BMI Janitorial Group with any agent or employee of the City of Omaha, including but not limited to: the Mayor or her office; the Legal Department, its attorneys or their staff; the Parks Department, its Director of his staff: any Contractual Services Coordinator or his/her staff; or any Community Center Facility Coordinator of his/her staff."  The date of compliance for the subpoena was June 15, 2022.  (Filing No. 28).

Plaintiff engaged the services of a licensed private detective agency to locate Mr. Beckman. (Filing No. 25-1).  Through publicly available databases, a private investigator found the address of Mr. Beckman's residence in Omaha, Nebraska.  This residential address is also the same address used by BMI.  A private investigator first visited Mr. Beckman's residence on April 19, 2022, and made contact with a woman who identified herself as Mr. Beckman's wife.  The woman stated she would inform her husband about the private investigator's request to speak to him.  The following day, Mr. Beckman contacted the private investigator by telephone, and over the course of approximately three weeks, the private investigator spoke to Mr. Beckman by phone on several occasions to schedule a meeting with Mr. Beckman.  Mr. Beckman declined.  On May 8, 2022 (Mother's Day), the private investigator returned to the Beckman residence to make personal contact with Mr. Beckman.  A white male in his late 20s to early 30s answered the door and stated Mr. Beckman was not home, although there were numerous cars parked in the driveway and in front of the residence.  A few hours later, Mr. Beckman called the private investigator and stated he was in Iowa, and would be unable to meet the private investigator until after May 27 despite the investigator's offer to meet Mr. Beckman in Iowa earlier.  On May 26, at the direction of Plaintiff's counsel, another private investigator personally served Mr. Beckman's wife with the subpoena at their Omaha residence.  (Filing No. 25-1 at p. 4; Filing No. 28 at p. 4).

On June 7, 2022, Plaintiff's counsel received a telephone call from a man who identified himself as Dan Beckman using the same telephone number the private investigator had been using to communicate with Mr. Beckman. During the telephone call, Mr. Beckman acknowledged service of the subpoena and stated he had the communications sought by the subpoena on his

laptop computer.  Plaintiffs' counsel agreed that Mr. Beckman could electronically transmit the communications and offered Mr. Beckman additional time to comply with the subpoena.  Mr. Beckman stated he would provide the communications by June 15, but as of July 10, he had not.

Plaintiffs filed this motion to enforce the subpoena on July 10.  Plaintiffs "request the Court enter an Order directing issuance of a summons to be served by the U.S. Marshal[] and commanding Mr. Beckman's appearance in court to show cause why he should not be held in contempt."  (Filing No. 25 at p. 2).

## ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents upon a nonparty.  Fed. R. Civ. P. 45.  A person who has been served but fails to comply with the subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt.  See Fed. R. Civ. P. 45(g).  Neither Rule 45 nor the court's inherent contempt power is limited to the parties of a dispute.  Instead, "[i]t is the responsibility of every citizen to respond to [a lawful subpoena] . . . and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (internal citation omitted).  "[T]he proper means of seeking relief under Rule 45(g) is by making a motion for an Order to Show Cause." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 8:19CV75, 2019 WL 1569827, at *1 (D. Neb. Apr. 11, 2019) (quoting *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-668, 2014 WL 12756820, at *5. (D. Minn. Jan. 17, 2014).  In civil contempt proceedings, "due process requires that the [nonparty] be given the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975).

On the record before the Court, it appears Mr. Beckman was served with the subpoena and acknowledged he could provide the documents sought by the subpoena, but failed to do so.[1]  Under the circumstances, the Court will order Mr. Beckman to show cause why he should not be held in contempt and compelled to produce all documents requested in the subpoena.  However, rather than direct the U.S. Marshal to serve summons upon Mr. Beckman to appear in court for a hearing,

---

[1] However, Plaintiff's certificate of service for the instant motion does not indicate the motion was served upon Mr. Beckman, and thus the Court does not expect Mr. Beckman to directly respond to Plaintiff's motion.

the Court will first provide Mr. Beckman with an opportunity to provide a written response to this Order to Show Cause.  Accordingly,

**IT IS ORDERED**:

1.  Plaintiffs' Petition to Enforce Rule 45 Subpoena (Filing No. 25) is granted, in part;

2.  On or before **August 12, 2022,** Dan Beckman, President of BMI Janitorial Group, is ordered to show cause as to why he should not be compelled to respond to the subpoena referenced in this Order.  Mr. Beckman's response must be received by the Clerk of Court by **August 12, 2022.**

3.  Failure to comply with this Order may result in further proceedings and/or sanctions, including a contempt hearing followed by a recommendation to Chief United States District Court Judge Robert F. Rossiter, Jr., that Mr. Beckman be held in contempt and ordered to immediately produce all documents requested in the subpoena.

4.  Plaintiffs are directed to serve a copy of this Order upon Mr. Beckman at his residence and the address affiliated with BMI Janitorial Group via certified mail, signed return receipt requested. Plaintiffs shall thereafter file a certificate of service showing compliance with the Order.  The certificate of service shall identify the name and address to whom the Order was sent, as well as the date the Order was mailed.

5.  The Clerk of Court is also directed to mail a courtesy copy of this Order to:

    Dan Beckman, President of BMI Janitorial Group
    423 S. 162 St.
    Omaha, NE 68118

Dated this 21st day of July, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge