IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BJ'S FLEET WASH, LLC, | |
| Plaintiffs, | 8:22CV131 |
| vs. | |
| CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ and STEVEN SLATER, in their individual capacities; | ORDER |
| Defendants. | |

This matter comes before the Court on the Renewed Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court (Filing No. 44) filed by Plaintiff, BJ's Fleet Wash, LLC ("BFW").

Plaintiffs[1] brought this action pursuant to 42 U.S.C. § 1983, alleging the defendants ignored applicable laws and City ordinances and treated Rodney Johnson unfairly due to his race during the bidding process for a custodial services contract. (Filing No. 1; Filing No. 21). Johnson, a black male, is the single member owner of BFW, which has provided cleaning services in eastern Nebraska for many years. In July 2019, City of Omaha Parks Department officials publicly requested proposals from qualified vendors to provide custodial services for City parks and recreational facilities. BFW alleges that, in bidding for the custodial services contract, Defendants treated BFW unfairly due to Johnson's race and attempted to award the contract to the City's preferred vendor, BMI Janitorial Group ("BMI"), owned and operated by Dan Beckman, a white male, despite BMI's nonconforming bid. BFW also alleges that despite the customary prohibition on communication between potential vendors and City employees, City Park officials repeatedly communicated with Mr. Beckman during the bid evaluation periods. BFW alleges the City ultimately was "forced" to award BFW the contract through a lengthy re-bidding process, and on November 12, 2020, the City of Omaha Mayor signed an Agreement with BFW for the custodial services bid commencing on January 1, 2021. BFW alleges Defendants then developed a scheme to arbitrarily terminate BFW's contract. The City terminated BFW's contract on May 4, 2021,

---

[1] The Court has now dismissed without prejudice all claims brought by Plaintiff, Rodney Johnson. (Filing No. 43).

and awarded the contract to BMI. Johnson and BFW subsequently filed this lawsuit on April 11, 2022. (Filing No. 1).

On May 6, 2022, the Court granted Plaintiffs' Unopposed Motion for Early Issuance of Rule 45(a) Subpoena (Filing No. 16), permitting Plaintiffs to serve a subpoena upon a non-party, BMI, prior to the parties' Rule 26(f) planning conference. On the same date, this Court issued a subpoena to Dan Beckman, President of BMI, commanding him to produce, for the time period of June 1, 2019, to April 15, 2022, "All communications between any principal, agent or employee of BMI Janitorial Group with any agent or employee of the City of Omaha, including but not limited to: the Mayor or her office; the Legal Department, its attorneys or their staff; the Parks Department, its Director of his staff: any Contractual Services Coordinator or his/her staff; or any Community Center Facility Coordinator of his/her staff." The date of compliance for the subpoena was June 15, 2022. (Filing No. 28).

Plaintiffs engaged the services of a licensed private detective agency to locate Mr. Beckman. (Filing No. 25-1). Through publicly available databases, a private investigator found the address of Mr. Beckman's residence in Omaha, Nebraska. This residential address is also the same address used by BMI. A private investigator first visited Mr. Beckman's residence on April 19, 2022, and made contact with a woman who identified herself as Mr. Beckman's wife. The woman stated she would inform her husband about the private investigator's request to speak to him. The following day, Mr. Beckman contacted the private investigator by telephone, and over the course of approximately three weeks, the private investigator spoke to Mr. Beckman by phone on several occasions to schedule a meeting with Mr. Beckman. Mr. Beckman declined. On May 8, 2022 (Mother's Day), the private investigator returned to the Beckman residence to make personal contact with Mr. Beckman. A white male in his late 20s to early 30s answered the door and stated Mr. Beckman was not home, although there were numerous cars parked in the driveway and in front of the residence. A few hours later, Mr. Beckman called the private investigator and stated he was in Iowa, and would be unable to meet the private investigator until after May 27 despite the investigator's offer to meet Mr. Beckman in Iowa earlier. On May 26, at the direction of Plaintiffs' counsel, another private investigator personally served Mr. Beckman's wife with the subpoena at their Omaha residence. (Filing No. 25-1 at p. 4; Filing No. 28 at p. 4).

On June 7, 2022, Plaintiffs' counsel received a telephone call from a man who identified himself as Dan Beckman using the same telephone number the private investigator had been using

2

to communicate with Mr. Beckman. During the telephone call, Mr. Beckman acknowledged service of the subpoena and stated he had the communications sought by the subpoena on his laptop computer. Plaintiffs' counsel agreed that Mr. Beckman could electronically transmit the communications and offered Mr. Beckman additional time to comply with the subpoena. Mr. Beckman stated he would provide the communications by June 15, but as of July 10, he had not.

On July 10, 2022, Plaintiffs filed a Petition to Enforce Rule 45 Subpoena ([Filing No. 25](#)) requesting the Court "enter an Order directing issuance of a summons to be served by the U.S. Marshal and commanding Mr. Beckman's appearance in court to show cause why he should not be held in contempt." ([Filing No. 25 at p. 2](#)). On July 21, 2022, the Court entered an Order to Show Cause granting Plaintiffs' Petition to Enforce Rule 45 Subpoena, in part. ([Filing No. 29](#)). At the time, the Court declined Plaintiffs' request to summon Mr. Beckman to appear in court for a show cause hearing, but instead ordered Mr. Beckman to submit a response to the Clerk of Court—on or before August 12, 2022—"show[ing] cause as to why he should not be compelled to respond to the subpoena[.]" ([Filing No. 29 at p. 4](#)). The Court's Order to Show Cause warned Mr. Beckman that "Failure to comply with this Order may result in further proceedings and/or sanctions, including a contempt hearing followed by a recommendation . . . that Mr. Beckman be held in contempt and ordered to immediately produce all documents requested in the subpoena." ([Filing No. 29 at p. 4](#)). The Court ordered Plaintiffs to serve a copy of the Order to Show Cause upon Mr. Beckman by certified mail. The Clerk of Court also mailed a copy of the Order to Show Cause to Mr. Beckman's residence/BMI's address as contained in public records.

Counsel for Plaintiff filed a Certificate of Service ([Filing No. 35](#)) stating that on July 21, 2022, he sent a copy of the Court's Order to Show Cause by certified mail to Mr. Beckman, President of BMI Janitorial Group, at 423 S. 162 St. Omaha, NE 68118. The requested receipt was not returned, although the USPS tracking report showed the order was delivered. On July 25, 2022, counsel for Plaintiff spoke to Mr. Beckman by telephone, during which Mr. Beckman acknowledged receipt of the Order to Show Cause.

On August 15, 2022, Plaintiffs filed a Motion for Contempt Finding, to Compel, and for Sanctions ([Filing No. 36](#)) after Mr. Beckman still had not produced the subpoenaed documents and failed to respond to the Court's Show Cause Order. ([Filing No. 36](#)). The Court held the motion in abeyance pending the Court's resolution of Defendants' motion to dismiss. (Filing No. 37). On December 27, 2022, the Court entered its ruling on the motion to dismiss ([Filing No. 43](#)),

3

and on December 28, 2022, the remaining plaintiff, BFW, filed the instant Renewed Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court (Filing No. 44). As of that date, Mr. Beckman still had failed to comply with the subpoena or to otherwise respond to the Court's orders served upon him. BFW renews its request for a contempt finding; a finding Mr. Beckman has waived any objection to the subpoena; imposition of a fine or other appropriate sanctions; and Mr. Beckman's surrender of any computer or digital device containing communications or records responsive to the subpoena.

## ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents upon a nonparty. Fed. R. Civ. P. 45. A person who has been served but fails to comply with the subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt. See Fed. R. Civ. P. 45(g). Neither Rule 45 nor the court's inherent contempt power is limited to the parties of a dispute. Instead, "[i]t is the responsibility of every citizen to respond to [a lawful subpoena] . . . and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (internal citation omitted). "[T]he proper means of seeking relief under Rule 45(g) is by making a motion for an Order to Show Cause." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 8:19CV75, 2019 WL 1569827, at *1 (D. Neb. Apr. 11, 2019) (quoting *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-668, 2014 WL 12756820, at *5. (D. Minn. Jan. 17, 2014). In civil contempt proceedings, "due process requires that the [nonparty] be given the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975).

On July 21, 2022, the Court entered an order providing Mr. Beckman with an opportunity to show cause why he should not be compelled to produce all documents requested in the subpoena. (Filing No. 29). The record contains evidence that Mr. Beckman received and acknowledged both the subpoena and the Court's Order to Show Cause. Nevertheless, to date, Mr. Beckman has still failed to respond to both the Subpoena and the Court's Order to Show Cause, the latter of which specifically warned Mr. Beckman that his failure to comply may result in further proceedings and/or sanctions, including a contempt hearing. "It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility

to comply with it." *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 507 (8th Cir. 2000). "[M]agistrate judges do not themselves have contempt power, [but] they may certify any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt 'by reason of the facts so certified.'" *Id.* at 504-05. At this time, the undersigned magistrate judge finds it necessary to summon Mr. Beckman to appear in this Court for a contempt hearing for his failure to comply with the Subpoena and Court's Order to Show Cause. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Renewed Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court (Filing No. 44), is granted;

2. Dan Beckman, President of BMI Janitorial Group, shall appear at 9:30 a.m. on **February 9, 2023**, in Courtroom No. 6, Roman L. Hruska Courthouse, 111 S. 18th Plaza, Omaha, Nebraska before the undersigned magistrate judge to show cause as to why he should not be held in contempt of court for failure to respond to the subpoena referenced in this Order. Failure to appear at the hearing will result in a recommendation that he be held in contempt of court and/or the imposition of other sanctions, including monetary sanctions, as appropriate.

3. Plaintiff is directed to personally serve a copy of this Order upon Mr. Beckman at his residence and the address affiliated with BMI Janitorial Group via certified mail. Plaintiff shall thereafter file a certificate of service showing compliance with the Order.

4. The Clerk of Court is directed to also mail a copy of this Order to:

    Dan Beckman, President of BMI Janitorial Group
    423 S. 162 St.
    Omaha, NE 68118

5. Plaintiffs' earlier Motion to Compel and for Sanctions for Disobedience of the Court (Filing No. 36) is denied as moot.

Dated this 10th day of January, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge