IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BJ'S FLEET WASH, LLC,<br><br>         **Plaintiffs**,<br><br>vs.<br><br>CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ and STEVEN SLATER, in their individual capacities;<br><br>         **Defendants.** | 8:22CV131<br><br>CERTIFICATION OF FACTS SUPPORTING CONTEMPT AND FINDINGS AND RECOMMENDATION |

    This matter comes before the Court on Plaintiff's Renewed Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court (Filing No. 44), for non-party Dan Beckman's failure to respond to the Subpoena Duces Tecum served upon him by Plaintiff on May 6, 2022. The Court entered an Order to Show Cause (Filing No. 29) providing Mr. Beckman with an opportunity to provide a written response regarding his failure to respond to the subpoena, and after Mr. Beckman failed to respond to that Order, held a Show Cause Hearing on February 9, 2023, requiring Mr. Beckman to appear before the undersigned magistrate judge to show cause why he should not be held in contempt for failing to respond to the subpoena or the Court's orders. (Filing No. 47; Filing No. 55). To date, Mr. Beckman has filed no response with the Court and failed to appear at the show cause hearing. Therefore, based upon the record before the Court, pursuant to 28 U.S.C. § 636(e)(6), the undersigned magistrate judge certifies to Chief Judge Robert F. Rossiter the following findings of fact supporting the recommendation that Dan Beckman, President of BMI Janitorial Group, be found in contempt of court pursuant to Rule 45(g) of the Federal Rules of Civil Procedure.

**CERTIFICATION OF FACTS**

    Plaintiffs, BFW and Rodney Johnson,[1] filed this action pursuant to 42 U.S.C. § 1983, alleging the defendants ignored applicable laws and City ordinances and treated Mr. Johnson unfairly due to his race during the bidding process for a custodial services contract. (Filing No. 1; Filing No. 21). Mr. Johnson, a black male, is the single member owner of BFW, which has

---

[1] The Court has now dismissed without prejudice all claims brought by Rodney Johnson. (Filing No. 43).

provided cleaning services in eastern Nebraska for many years. In July 2019, City of Omaha Parks Department officials publicly requested proposals from qualified vendors to provide custodial services for City parks and recreational facilities. BFW alleges that, in bidding for the custodial services contract, Defendants treated BFW unfairly due to Johnson's race and attempted to award the contract to the City's preferred vendor, BMI Janitorial Group ("BMI"), owned and operated by Dan Beckman, a white male, despite BMI's nonconforming bid. BFW also alleges that despite the customary prohibition on communication between potential vendors and City employees, City Park officials repeatedly communicated with Mr. Beckman during the bid evaluation periods. BFW alleges the City ultimately was "forced" to award BFW the contract through a lengthy re-bidding process, and on November 12, 2020, the City of Omaha Mayor signed an Agreement with BFW for the custodial services bid commencing on January 1, 2021. BFW alleges Defendants then developed a scheme to arbitrarily terminate BFW's contract. The City terminated BFW's contract on May 4, 2021, and awarded the contract to BMI. Johnson and BFW subsequently filed this lawsuit on April 11, 2022. (Filing No. 1).

On May 6, 2022, the Court granted Plaintiffs' Unopposed Motion for Early Issuance of Rule 45(a) Subpoena (Filing No. 16), permitting Plaintiffs to serve a subpoena upon a non-party, BMI, prior to the parties' Rule 26(f) planning conference. On the same date, the Clerk of Court issued a subpoena to Dan Beckman, President of BMI, commanding him to produce, for the time period of June 1, 2019, to April 15, 2022, "All communications between any principal, agent or employee of BMI Janitorial Group with any agent or employee of the City of Omaha, including but not limited to: the Mayor or her office; the Legal Department, its attorneys or their staff; the Parks Department, its Director of his staff: any Contractual Services Coordinator or his/her staff; or any Community Center Facility Coordinator of his/her staff." The date of compliance for the subpoena was June 15, 2022. (Filing No. 28).

Plaintiffs engaged the services of a licensed private detective agency to locate Mr. Beckman. (Filing No. 25-1). Through publicly available databases, a private investigator found the address of Mr. Beckman's residence in Omaha, Nebraska. This residential address is also the same address used by BMI. A private investigator first visited Mr. Beckman's residence on April 19, 2022, and made contact with a woman who identified herself as Mr. Beckman's wife. The woman stated she would inform her husband about the private investigator's request to speak to him. The following day, Mr. Beckman contacted the private investigator by telephone, and over

2

the course of approximately three weeks, the private investigator spoke to Mr. Beckman by phone on several occasions to schedule a meeting with Mr. Beckman. Mr. Beckman declined. On May 8, 2022 (Mother's Day), the private investigator returned to the Beckman residence to make personal contact with Mr. Beckman. A white male in his late 20s to early 30s answered the door and stated Mr. Beckman was not home, although there were numerous cars parked in the driveway and in front of the residence. A few hours later, Mr. Beckman called the private investigator and stated he was in Iowa, and would be unable to meet the private investigator until after May 27 despite the investigator's offer to meet Mr. Beckman in Iowa earlier. On May 26, at the direction of Plaintiffs' counsel, another private investigator personally served Mr. Beckman's wife with the subpoena at their Omaha residence. (Filing No. 25-1 at p. 4; Filing No. 28 at p. 4).

On June 7, 2022, Plaintiffs' counsel received a telephone call from a man who identified himself as Dan Beckman using the same telephone number the private investigator had been using to communicate with Mr. Beckman. During the telephone call, Mr. Beckman acknowledged service of the subpoena and stated he had the communications sought by the subpoena on his laptop computer. Plaintiffs' counsel agreed that Mr. Beckman could electronically transmit the communications, and offered Mr. Beckman additional time to comply with the subpoena. Mr. Beckman stated he would provide the communications by June 15, but as of July 10, he had not.

On July 10, 2022, Plaintiffs filed a Petition to Enforce Rule 45 Subpoena (Filing No. 25) requesting the Court "enter an Order directing issuance of a summons to be served by the U.S. Marshal and commanding Mr. Beckman's appearance in court to show cause why he should not be held in contempt." (Filing No. 25 at p. 2). On July 21, 2022, the Court entered an Order to Show Cause granting Plaintiffs' Petition to Enforce Rule 45 Subpoena, in part. (Filing No. 29). At the time, the Court declined Plaintiffs' request to summon Mr. Beckman to appear in court for a show cause hearing, but instead ordered Mr. Beckman to submit a response to the Clerk of Court—on or before August 12, 2022—"show[ing] cause as to why he should not be compelled to respond to the subpoena[.]" (Filing No. 29 at p. 4). The Court's Order to Show Cause warned Mr. Beckman that "Failure to comply with this Order may result in further proceedings and/or sanctions, including a contempt hearing followed by a recommendation . . . that Mr. Beckman be held in contempt and ordered to immediately produce all documents requested in the subpoena." (Filing No. 29 at p. 4). The Court ordered Plaintiffs to serve a copy of the Order to Show Cause

3

upon Mr. Beckman by certified mail. The Clerk of Court also mailed a copy of the Order to Show Cause to Mr. Beckman's residence/BMI's address as contained in public records.

Counsel for Plaintiff filed a Certificate of Service (Filing No. 35) stating that on July 21, 2022, he sent a copy of the Court's Order to Show Cause by certified mail to Mr. Beckman, President of BMI Janitorial Group, at 423 S. 162 St. Omaha, NE 68118. The requested receipt was not returned, although the USPS tracking report showed the order was delivered. Counsel for Plaintiff represented that on July 25, 2022, he spoke to Mr. Beckman by telephone, and Mr. Beckman acknowledged receipt of the Order to Show Cause. (Filing No. 35).

On August 15, 2022, Plaintiffs filed a Motion for Contempt Finding, to Compel, and for Sanctions after Mr. Beckman continued to produce no documents responsive to the subpoena and after he failed to respond to the Court's Show Cause Order. (Filing No. 36). The Court held the motion in abeyance pending resolution of Defendants' motion to dismiss. (Filing No. 37). On December 27, 2022, the Court entered its ruling on the motion to dismiss (Filing No. 43), and on December 28, 2022, the remaining plaintiff, BFW, filed a Renewed Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court (Filing No. 44). As of that date, Mr. Beckman still had failed to comply with the subpoena or to otherwise respond to the Court's orders served upon him. BFW renewed its request for a contempt finding; a finding Mr. Beckman has waived any objection to the subpoena; imposition of a fine or other appropriate sanctions; and Mr. Beckman's surrender of any computer or digital device containing communications or records responsive to the subpoena.

On January 10, 2023, the Court granted Plaintiff's renewed motion and ordered Mr. Beckman to appear before the undersigned magistrate judge at 9:30 a.m. on February 9, 2023, in Courtroom No. 6, Roman L. Hruska Courthouse, 111 S. 18th Plaza, Omaha, to show cause as to why he should not be held in contempt of court for failure to respond to the subpoena. The Order warned Mr. Beckman, "Failure to appear at the hearing will result in a recommendation that he be held in contempt of court and/or the imposition of other sanctions, including monetary sanctions, as appropriate." (Filing No. 47). The Clerk of Court mailed a copy of the Order to Mr. Beckman at the same address where he has been reached through the pendency of these proceedings. Plaintiff's counsel also filed a Certificate of Service certifying he sent a copy of the Court's Order by certified mail, return receipt requested, to Mr. Beckman, and to Dale Eesley, another representative of BMI. (Filing No. 51).

4

On February 9, 2023, the show cause hearing was held before the undersigned magistrate judge as scheduled. Counsel for Plaintiff and for Defendants appeared at the hearing. Neither Mr. Beckman nor counsel on behalf of Mr. Beckman appeared at the hearing. The Court received Plaintiff's Exhibits 1 through 12, which includes copies of the subpoena and other relevant court proceedings through the date of the show cause hearing. Counsel for Plaintiff also offered a copy of a letter he sent to Mr. Beckman dated February 4, 2023, reminding Mr. Beckman of the show cause hearing, and including a proposed protective order to address his concerns about potentially disclosing proprietary information. (Ex. 13). Plaintiff's counsel also offered his Declaration itemizing his time billed regarding the proceedings concerning enforcement of the subpoena. (Ex. 14). At the conclusion of the hearing, the undersigned magistrate judge stated a Findings and Recommendation would issue after providing Plaintiff with additional time to file a supplemental brief regarding the request that Mr. Beckman's laptop be seized as a sanction.[2]

On March 3, 2023, counsel for Plaintiff filed supplemental evidence concerning the renewed motion for contempt, including his Declaration regarding events taking place subsequent to the show cause hearing. (Filing No. 62). In counsel's declaration, he states that on February 13, 2023, he received an email from Mr. Beckman's email address stating, "We are trying to get this resolved by involving our law firm Koley-Jesson [sic]." (Filing No. 62-1). Counsel for Plaintiff contacted Mr. Beckman's attorney at Koley Jessen, Minja Herian, who confirmed the firm's representation of Mr. Beckman. Counsel briefly discussed the subpoena and the contempt proceedings both by phone and email. On February 14, 2023, Mr. Beckman called Plaintiff's counsel directly. Plaintiff's counsel did not answer the call and emailed Ms. Herian to confirm her representation of Mr. Beckman; she confirmed he was her client. (Filing No. 62-1 at p. 4). Counsel for Plaintiff has received no further responsive communications or correspondence from Mr. Beckman or his representatives regarding the subpoena. (Filing No. 62-1 at p. 2). The Court has also not received any filings from Mr. Beckman or his representatives.

## ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents upon a nonparty. Fed. R. Civ. P. 45. A person who has been served but

---

[2] In an email dated February 13, 2023, counsel for Plaintiff advised the undersigned magistrate judge that he would not be filing a brief on that issue.

fails to comply with the subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt. See Fed. R. Civ. P. 45(g). Neither Rule 45 nor the court's inherent contempt power is limited to the parties of a dispute. Instead, "[i]t is the responsibility of every citizen to respond to [a lawful subpoena] . . . and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (internal citation omitted). "[T]he proper means of seeking relief under Rule 45(g) is by making a motion for an Order to Show Cause." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 8:19CV75, 2019 WL 1569827, at *1 (D. Neb. Apr. 11, 2019) (quoting *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-668, 2014 WL 12756820, at *5. (D. Minn. Jan. 17, 2014). In civil contempt proceedings, "due process requires that the [nonparty] be given the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975). "It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 507 (8th Cir. 2000). "[M]agistrate judges do not themselves have contempt power, [but] they may certify any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt 'by reason of the facts so certified.'" *Id.* at 504-05.

On July 21, 2022, the Court first entered an order providing Mr. Beckman with an opportunity to show cause why he should not be compelled to produce all documents requested in the subpoena. (Filing No. 29). The record contains evidence that Mr. Beckman received and acknowledged both the subpoena and the Court's Order to Show Cause. Mr. Beckman failed to respond to both the Subpoena and the Court's Order to Show Cause, the latter of which specifically warned Mr. Beckman that his failure to comply may result in further proceedings and/or sanctions, including a contempt hearing. Mr. Beckman's failure to file any response with the Court prompted it to hold a show cause hearing on February 9, 2023. The Court required Mr. Beckman to appear before the undersigned magistrate judge at the hearing to show cause as to why he should not be held in contempt of court for failure to respond to the subpoena. The Court warned Mr. Beckman, "Failure to appear at the hearing will result in a recommendation that he be held in contempt of court and/or the imposition of other sanctions, including monetary sanctions, as appropriate." (Filing No. 47). The Court's Order was mailed by the Clerk of Court to Mr. Beckman at his address of record, and was also sent by certified mail to Mr. Beckman and another representative

of BMI by Plaintiff's counsel. Plaintiff's counsel also sent Mr. Beckman a letter dated February 4, 2023, reminding him of the show cause hearing. Despite providing Mr. Beckman with numerous opportunities over the course of several months to provide responses to the subpoena or to provide the Court with adequate excuse as to why he has not responded to the subpoena, Mr. Beckman has failed to do so.

Under these circumstances, the undersigned magistrate judge will recommend that Mr. Beckman be found in contempt of court for failure to respond to the subpoena and comply with the undersigned magistrate judge's orders. The undersigned magistrate judge will also recommend that Plaintiff be awarded the reasonable attorney fees and costs incurred as a result of Mr. Beckman's failure to respond to the subpoena and Court's orders.

The question now becomes the amount of attorney fees which should be awarded. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quotation omitted). In evaluating a fee request, the Court relies on its experience, expertise, and knowledge of prevailing market rates and the time it takes to perform the tasks at issue. See *Hanig*, 415 F.3d at 825. The Court has broad discretion in deciding an appropriate fee award. See *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017).

After review, the undersigned magistrate judge finds that an award of $3,885.00 is reasonable under the circumstances. Exhibit 14 shows that, between July 1, 2022, and the date of the show cause hearing on February 9, 2023, Mr. Sipple spent 11.1 hours of billable time as a result of Mr. Beckman's failure to respond to the subpoena. Mr. Sipple requests an hourly rate of $350.00 for his billable time. Based on the undersigned magistrate judge's experience, expertise, and knowledge of prevailing market rates, the undersigned magistrate judge finds Mr. Sipple's requested billing rate reasonable. See, e.g., *Rhone v. Union Pac. R.R. Co.*, No. 8:18CV597, 2019 WL 4933499, at *2 n.1 (D. Neb. Oct. 7, 2019) (noting recent fee applications reflect attorney billing rates for experienced litigators in Nebraska range from $250 to $350 per hour). The undersigned magistrate judge further finds the amount of time it took Mr. Sipple to perform the tasks listed on the billing log appropriate, considering that the subpoena was first served in May 2022, and has required Mr. Sipple to expend not-insignificant time drafting letters, motions, and attend a show cause hearing over the course over several months to obtain the Court's assistance in procuring Mr. Beckman's response to the subpoena.

Therefore, upon consideration,

**IT IS HEREBY RECOMMENDED** to Chief Judge Robert F. Rossiter that Dan Beckman, President of BMI Janitorial Group, be found in contempt of court until such time as he purges the contempt by:

    a. responding to the May 6, 2022, Subpoena; and

    b. paying the contempt sanction of $3,885.00 into the Court.

**IT IS ORDERED**: The Clerk of Court mail a copy of this Certification of Facts, Findings and Recommendation, and Order to:

> Dan Beckman, President of BMI Janitorial Group
> 423 S. 162 St.
> Omaha, NE 68118
>
> And provide email notice of this order to
> Minja Herian
> Minja.Herian@koleyjessen.com

Dated this 8th day of March, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's or and findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the order findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.