IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BJ'S FLEET WASH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ, and STEVEN SLATER, in their individual capacities, <br><br> Defendants. | 8:22CV131 <br><br> MEMORANDUM AND ORDER |

Plaintiff BJ's Fleet Wash, LLC ("Fleet Wash") alleges City of Omaha, Matt Kalcevich, Brook Bench, Kari Vasquez, and Steven Slater (collectively, "defendants") violated Fleet Wash's "constitutional rights in connection with the bidding and performance of a cleaning contract with the Omaha Parks Department." On May 5, 2022, Fleet Wash filed an unopposed motion to serve a Rule 45(a) subpoena on non-party BMI Janitorial Group ("BMI") prior to the parties' Rule 26(f) planning conference (Filing No. 15). Through the Rule 45(a) subpoena, Fleet Wash seeks "documents and tangible things" from BMI based on allegations that the defendants colluded with and improperly attempted to award the relevant cleaning contract to BMI.

The magistrate judge[1] granted the motion (Filing No. 16). The record shows that Dan Beckman ("Beckman"), President of BMI, failed to timely respond to the Rule 45(a) subpoena and subsequently failed to respond to the magistrate judge's Order to Show Cause dated July 21, 2022 (Filing No. 29). Fleet Wash filed a "Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court" against Beckman

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

(Filing No. 36), which the magistrate judge held in abeyance (Filing No. 37) pending the Court's decision on a motion to dismiss. Fleet Wash then renewed its motion for a contempt finding on December 28, 2022 (Filing No. 44).

On January 10, 2023, the magistrate judge ordered Beckman to appear at a hearing "to show cause as to why he should not be held in contempt of court for failure to respond to the subpoena" (Filing No. 47). The Order also warned Beckman his failure to appear would "result in a recommendation that he be held in contempt of court and/or the imposition of other sanctions, including monetary sanctions." The hearing was held on February 9, 2023. Beckman once again failed to appear.

On March 8, 2023, the magistrate judge issued the instant Certification of Facts Supporting Contempt and Findings and Recommendation (Filing No. 64). The magistrate judge recommends Beckman be found in contempt until he "purges the contempt" through responding to the Rule 45(a) subpoena and paying a contempt sanction of $3,885.00. Although he has now appeared in the case[2], Beckman has not objected to the findings and recommendation. *See* 28 U.S.C. § 636(b)(1)(C) (explaining a person can file written objections "[w]ithin fourteen days after being served a copy").

Pursuant to 28 U.S.C. § 636(b)(1), the Court must "make a de novo review of . . . specified proposed findings or recommendations to which objection is made." However, the failure to object "eliminates not only the need for de novo review, but *any* review by the district court." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009); *see also* Fed. R. Crim. P. 59 (a), (b)(2) (stating the failure to timely object waives the right to review). Because there are no objections to the magistrate judge's findings and

---

[2]The day after the findings and recommendation were issued, Fleet Wash filed a notice of its intent to serve another Rule 45(a) subpoena on Beckman (Filing No. 66). On March 23, 2023, Beckman, BMI, and Fleet Wash filed a Joint Request for Protective Order (Filing No. 71) "in light of the information and documents contained in the anticipated production of [BMI's] subpoena responses." The magistrate judge entered the requested protective order (Filing No. 72).

recommendation, the Court is not required to conduct a de novo review but has nevertheless done so given the imposition of sanctions on a non-party in this instance. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.").

A person who has been served but fails to comply with a Rule 45 subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt. Fed. R. Civ. P. 45(g); *see Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 507 (8th Cir. 2000) ("It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it."); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) ("A district court has inherent power to enforce compliance with its lawful orders and mandates by awarding civil contempt damages, *including attorneys fees*[,]" against non-parties) (emphasis added).

The magistrate judge recommends awarding Fleet Wash "the reasonable attorney fees and costs incurred as a result of [Beckman's] failure to respond to the subpoena and Court's orders." The magistrate judge used the "lodestar method" to calculate an award of $3,885.00 based on evidence that Fleet Wash's attorney "spent 11.1 hours of billable time as a result of [Beckman's] failure to respond to the subpoena," including on "drafting letters, motions, and attend[ing] a show cause hearing over the course of several months." *See Blackorby v. BNSF Ry. Co.*, 60 F.4th 415, 420 (8th Cir. 2023) (explaining the lodestar method "is meant to produce an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." (quoting *League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 939 (8th Cir. 2021)). The magistrate judge also determined the attorney's requested hourly rate of $350 was reasonable.

Based on Beckman's failure to object to the findings and recommendation and the magistrate judge's sound reasoning, the Court accepts the findings and recommendation. Accordingly,

IT IS ORDERED:

1. The Certification of Facts Supporting Contempt and Findings and Recommendation (Filing No. 64) is accepted. Any objections are deemed waived.

2. In accordance with the magistrate judge's Certification of Facts Supporting Contempt and Findings and Recommendation (Filing No. 64), Dan Beckman is held in contempt of court until such time as he purges the contempt by:

    (a) responding to the May 6, 2022 Rule 45(a) Subpoena, and

    (b) paying into the Court the contempt sanction of $3,885.00.

Dated this 29th day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge