## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BJ'S FLEET WASH, LLC,** | |
| **Plaintiff,** | **8:22CV131** |
| **vs.** | |
| **CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ and STEVEN SLATER, in their individual capacities;** | **ORDER** |
| **Defendants.** | |

This matter comes before the Court on the Second Renewed Motion for Contempt (Filing No. 83) filed by Plaintiff, BJ's Fleet Wash, LLC, asking that the Court "impose additional sanctions" against non-party Dan Beckman, as President of BMI Janitorial Group ("BMI"), for his "continued contemptuous defiance of the Court."  In response, BMI and Mr. Beckman filed a Motion to Strike Plaintiff's Second Renewed Motion for Contempt (Filing No. 89), asking to strike Plaintiff's motion and for an award of attorney's fees incurred in filing the motion.  For the following reasons, the Court will deny both motions.

## BACKGROUND

As outlined by the Court's prior orders, Plaintiff filed this action against the City of Omaha and its employees and agents, alleging they violated Plaintiff's constitutional rights in "connection with the bidding and performance of a cleaning contract with the Omaha Parks Department," which contract the City ultimately awarded to BMI.  (Filing No. 1; Filing No. 21).  Shortly after the action was filed, the Court granted Plaintiff's unopposed motion to serve a Rule 45(a) subpoena upon Dan Beckman, as President of BMI, prior to the parties' Rule 26(f) planning conference. (Filing No. 16). The subpoena required production of communications between BMI and City of Omaha employees and agents during the contract bidding process from June 1, 2019, to April 15, 2022.  (Filing No. 28).  The subpoena was served on Mr. Beckman at his residence through his wife on May 26, 2022.  (Filing No. 25-1 at p. 4; Filing No. 28 at p. 4).

Mr. Beckman acknowledged receipt of the subpoena, but did not timely respond to it.  Mr. Beckman subsequently also failed to respond to the undersigned magistrate judge's Order to Show

Cause dated July 21, 2022 (Filing No. 29).  On August 15, 2022, Plaintiff filed a Motion for Contempt Finding, to Compel, and for Sanctions (Filing No. 36), which the Court held in abeyance pending the Court's resolution of Defendants' motion to dismiss.  (Filing No. 37).

Thereafter, on December 28, 2022, Plaintiff filed a Renewed Motion for Contempt Finding, to Compel, and for Sanctions for Disobedience of the Court (Filing No. 44).  On January 10, 2023, the Court granted Plaintiff's renewed motion and ordered Mr. Beckman to appear before the undersigned magistrate judge at a hearing to show cause as to why he should not be held in contempt of court for failure to respond to the subpoena.  (Filing No. 47).  Mr. Beckman failed to appear at the show cause hearing set on February 9, 2023.  As such, on March 8, 2023, the undersigned magistrate judge recommended Mr. Beckman be found in contempt of court until he purges the contempt by responding to the Rule 45(a) subpoena and paying a contempt sanction of $3,885.00.  (Filing No. 64).  Mr. Beckman did not object to the Findings and Recommendation finding him in contempt, and thus on March 29, 2023, Chief Judge Rossiter entered a Memorandum and Order (Filing No. 74) accepting the Findings and Recommendation, and ordering that Mr. Beckman "is held in contempt of court until such time as he purges the contempt by: (a) responding to the May 6, 2022 Rule 45(a) Subpoena, and (b) paying into the Court the contempt sanction of $3,885.00."

In the interim, Mr. Beckman obtained counsel (Filing No. 65; Filing No. 68).  On March 9, 2023, Plaintiff filed a notice of its intent to serve another Rule 45(a) subpoena upon Mr. Beckman.  (Filing No. 66).  This subpoena "required ESI protocol and the use of an expert." (Filing No. 89 at ¶ 3).  On March 23, 2023, Mr. Beckman and BMI (through counsel), and Plaintiff filed a Joint Request for Protective Order (Filing No. 71) "in light of the information and documents contained in the anticipated production of [BMI's] subpoena responses."  The Court entered the protective order as requested on the same date.  (Filing No. 72).

On March 23, 2023, BMI filed a certificate of service reflecting it served Plaintiff with documents in response to the first Rule 45(a) subpoena issued on May 6, 2022.  (Filing No. 73; see Filing No. 89 at ¶ 3).  On April 13, 2023, Plaintiff provided proposed ESI search terms in connection with the second Rule 45(a) subpoena noticed by Plaintiff on March 9, 2023, and Plaintiff provided its forensic expert with parameters to facilitate an ESI search.  BMI did not object to any items outlined in Plaintiff's proposed ESI protocol or to its expert's parameters, and

provided Plaintiff's expert with unfettered access to BMI's computer system.  (Filing No. 89 at ¶¶ 5-8).

Plaintiff filed the instant motion for renewed contempt on August 2, 2023.  Plaintiff requests the Court impose additional sanctions upon Mr. Beckman because he did not pay the contempt sanction and did not adequately respond to the May 6, 2022, Rule 45(a) subpoena. Plaintiff acknowledges Mr. Beckman "did produce responsive emails" in response to the subpoena, but contends its forensic expert's search in connection with the second subpoena recovered a responsive email sent by a defendant to Mr. Beckman on January 29, 2021, that was not provided by Mr. Beckman in response to first subpoena.  (Filing No. 85).  As such, Plaintiff asserts "it still remains unclear whether [Mr. Beckman] captured all communications with City officials that were within the scope of the subpoena."  (Filing No. 83).  Therefore, Plaintiff asks for additional coercive sanctions, including "[a]n order that Mr. Beckman be taken into custody if payment is not made by a date certain"; [a]n order that Mr. Beckman pay attorney fees for the filing of this motion"; and "[a]n order that Mr. Beckman pay the costs and attorney fees associated with the forensic analysis made necessary by his contempt."  (Filing No. 83 at p. 2)

Mr. Beckman did not file a brief in opposition to Plaintiff's motion, but instead on August 17, 2023, BMI filed a motion to strike Plaintiff's motion.  (Filing No. 89).  BMI filed a receipt reflecting Mr. Beckman paid the contempt fee of $3,885 into the Court on August 2, 2023.  (Filing No. 89 at p. 5).  BMI argues Plaintiff's instant motion is deficient because after BMI made its production under the first subpoena, Plaintiff "failed to provide any good faith specifications as to which, if any, line items were missing from that production," and instead "served a second Subpoena with a completely different scope of request" utilizing a forensic expert and search terms not specifically provided for under the first subpoena.  (Filing No. 89 at ¶ 9).  BMI contends Plaintiff's motion should be stricken because the documents Plaintiff contends Mr. Beckman did not produce in response to the first subpoena were previously produced to Plaintiff by the City on March 13, 2023.  (*Id.* at ¶ 10).  BMI requests the Court award it costs and attorney's fees in connection with filing the motion.

## ANALYSIS

As an initial matter, Plaintiff asserts Mr. Beckman has "waived any defense to Plaintiff's assertion" that Mr. Beckman's failure to pay the contempt fee was willful and contumacious

because he did not file a brief and evidence in opposition to Plaintiff's motion for renewed contempt.  (Filing No. 92 at p. 2).  BMI responds that Plaintiff did not file a brief until August 24, 2023, and therefore under NECivR. 7.1(b)(1)(B), BMI was not required to file a brief until 14-days after August 24.  (Filing No. 93 at p. 1) (quoting NECivR. 7.1(b)(1)(B) ("A brief opposing any other motion must be filed and served within 14 days after the motion *and* supporting brief are filed and served.") (emphasis supplied).

Neither Plaintiff nor BMI have strictly complied with this district's local rules.  First, Plaintiff's motion for renewed contempt raises a substantial issue of law, and therefore Plaintiff should have filed a supporting brief together with the motion.  See NECivR. 7.1(a)(1)(A) ("A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. . . . A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.").  As such, the Court would be within its discretion to find Plaintiff waived the issues raised in its motion.  But, BMI also should have filed a brief opposing Plaintiff's motion rather than filing a separate motion to strike.  See NECivR. 7.1(b)(1)(A) ("The party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority.").  BMI also did not file a brief with its motion to strike, although it stated it would "comply with a briefing schedule set forth by the Court."  (Filing No. 89 at ¶ 12).  Therefore, BMI was not permitted to file its brief in reply (Filing No. 93) to Plaintiff's brief in opposition (Filing No. 91) without the Court's leave. See NECivR. 7.1(c)(3) ("If the moving party does not file an initial brief, it may not file a reply brief without the court's leave.").  The Court's standard briefing schedule and rules regarding motion practice is contained in NECivR. 7.1.  Nevertheless, because both parties' compliance with the local rules leaves much to be desired, and because the Court can determine the merits of the motions on the record before it, the Court will not deem either party to have waived the issues set forth in their various filings. The Court will construe BMI's motion to strike as BMI's opposition to Plaintiff's motion for renewed contempt, as BMI's motion does not set forth a separate basis upon which to "strike" Plaintiff's motion for renewed contempt; rather, BMI's motion outlines the basis upon which to deny Plaintiff's motion on its merits.

Plaintiff's motion for renewed contempt asks the Court to impose "additional coercive sanctions" upon Mr. Beckman for "willfully and contumaciously" refusing to pay the contempt

sanction and for not properly responding to the May 6, 2022, subpoena. ([Filing No. 83](#)). The Court's March 29, 2023, Memorandum and Order ordered that Mr. Beckman "is held in contempt of court until such time as he purges the contempt by: (a) responding to the May 6, 2022 Rule 45(a) Subpoena, and (b) paying into the Court the contempt sanction of $3,885.00."

The record demonstrates Mr. Beckman fully paid the $3,885.00 contempt sanction on August 2, 2023. ([Filing No. 89 at p. 5](#)).[1] The Court did not specify a deadline by which Mr. Beckman was to pay the contempt sanction. As such, the Court finds it would be improper to find Mr. Beckman in further contempt of court for failing to pay the contempt sanction at an earlier time, when the Court did not order compliance by a date certain.

The record before the Court also demonstrates Mr. Beckman responded to the May 6, 2022, Rule 45(a) subpoena on March 29, 2023. ([Filing No. 73](#); see [Filing No. 89 at ¶ 3](#)). Plaintiff also acknowledges in the instant motion that Mr. Beckman "did produce responsive emails" in response to the subpoena. ([Filing No. 83 at ¶ 4](#)). Plaintiff seeks additional sanctions because it "remains unclear" whether Plaintiff produced all communications with City officials within the scope of the first subpoena. (*Id.*). But, Plaintiff's citation to one email—previously produced by the City during discovery—hardly constitutes "clear and convincing evidence" that Mr. Beckman has willfully and contumaciously disobeyed the Court's order. See *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence.").

Therefore, the record establishes Mr. Beckman has fully complied with the Court's Memorandum and Order dated March 29, 2023 ([Filing No. 74](#)) and purged his contempt. Plaintiff has not demonstrated a basis to hold Mr. Beckman in further contempt. The Court did not set a date certain for Mr. Beckman to purge contempt, and Mr. Beckman has now complied with the March 29, 2023, Memorandum and Order by paying the requisite contempt sanction into the Court and by responding to the May 6, 2022 Rule 45(a) Subpoena. Accordingly,

---

[1] In BMI's brief, it represents it informed Plaintiff in June that BMI "had attempted to make payment with the Court but was having difficulty completing the payment with the Clerk of the Court," and references Exhibit E to support that statement. ([Filing No. 93 at p. 2](#)). BMI's Index of Evidence ([Filing No. 94](#)) indicates Exhibit E is attached to the Second Declaration of Connor W. Orr; however, it appears to the Court that this Exhibit E was not actually attached to any filing.

**IT IS ORDERED**:

1. Plaintiff's Second Renewed Motion for Contempt (Filing No. 83) is denied.

2. BMI Janitorial Group's Motion to Strike Plaintiff's Second Renewed Motion for Contempt (Filing No. 89) is denied.

Dated this 14th day of September, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge