IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BJ'S FLEET WASH, LLC,**<br><br>    **Plaintiff,**<br><br> vs.<br><br>**CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ and STEVEN SLATER, in their individual capacities;**<br><br>    **Defendants.** | **8:22CV131**<br><br>**ORDER** |

  This matter is before the Court on Plaintiff's Motion for Leave to File Motion to Compel (Filing No. 123). Because the motion to compel deadline has passed, Plaintiff requests leave to file a motion to compel the Court's *in camera* review of certain documents Defendants have withheld on the grounds of attorney-client privilege.

  Defendants oppose the motion, arguing Plaintiff did not properly comply with NECivR 7.1(j) because Plaintiff has not fully engaged in the personal consultation requirement on this issue. Specifically, Defendants assert Plaintiff has never elaborated upon or provided his claimed evidence that the "crime-fraud" waiver exception to attorney-client privilege applies to the withheld communications. (Filing No. 136). However, Defendants ultimately concede the most efficient way to resolve this issue would be for Plaintiff to identify by bates-stamped page number the documents it believes should be subject to *in camera* review by the Court, assuming the Court enters an order that the attorney-client privilege will not be waived by that review if the Court determines the attorney-client privilege was properly asserted. (Filing No. 136 at pp. 8-9).

  In reply (Filing No. 143 at p. 4), Plaintiff identified the following bates-stamped pages it requests Defendants produce for *in camera* review:

| | | | |
|---|---|---|---|
| i. | 20403 | xiii. | 20435-20439 |
| ii. | 20396 | xiv. | 20437-20447 |
| iii. | 20401 | xv. | 20491-92 |
| iv. | 20405 | xvi. | 20493 |
| v. | 20408 | xvii. | 20494-500 |
| vi. | 20411 | xviii. | 20498-501 |
| vii. | 20413 | xix. | 20510 |
| viii. | 20415 | xx. | 20512-16 |
| ix. | 20422 | xxi. | 20518-19 |
| x. | 20424-25 | xxii. | 20520-21 |
| xi. | 20426-29 | xxiii. | 20525-28 |
| xii. | 20443-45 | xxiv. | 20530 |

Under the circumstances, the Court finds an *in camera* review of the bates-stamped conversations identified by Plaintiff is the most efficient way of addressing the parties' long-standing dispute over Defendants' assertion of the attorney-client privilege as to these communications. The Court will construe Plaintiff's pending motion as one to compel an *in camera* review of those documents, and will grant that request. Defendants shall file the documents identified by Plaintiff as an *ex parte* document (or as a sealed document, without sending notice to Plaintiff) for the Court's *in camera* review. Defendants will not waive their claim of attorney-client privilege by filing such documents for the Court's *in camera* review. If the Court finds any of the documents are not attorney-client or otherwise privileged, it will direct Defendants to disclose those documents to Plaintiff after its review. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File Motion to Compel (Filing No. 123) is granted to the extent that the Court will conduct an *in camera* review of the bates-stamped pages identified by Plaintiff in its Reply Brief to review Defendants' claims of privilege.

2. On or before **April 22, 2024**, Defendants shall file the documents identified by Plaintiff *ex parte* or under seal for the Court's *in camera* review.

Dated this 5th day of April, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge