IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BJ'S FLEET WASH, LLC,<br><br>            **Plaintiff,**<br><br>   vs.<br><br>CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ and STEVEN SLATER, in their individual capacities;<br><br>            **Defendants.** | 8:22CV131<br><br>**ORDER** |

      This matter is before the Court following its *in camera* review of certain documents Defendants have withheld on the grounds of attorney-client privilege. Pursuant to the Court's April 5, 2024, Order (Filing No. 144), on April 22, 2024, Defendants filed the following bates-stamped pages *ex parte* for the Court's *in camera* review:

| | | | |
|---|---|---|---|
| i. | 20403 | xiii. | 20435-20439 |
| ii. | 20396 | xiv. | 20437-20447 |
| iii. | 20401 | xv. | 20491-92 |
| iv. | 20405 | xvi. | 20493 |
| v. | 20408 | xvii. | 20494-500 |
| vi. | 20411 | xviii. | 20498-501 |
| vii. | 20413 | xix. | 20510 |
| viii. | 20415 | xx. | 20512-16 |
| ix. | 20422 | xxi. | 20518-19 |
| x. | 20424-25 | xxii. | 20520-21 |
| xi. | 20426-29 | xxiii. | 20525-28 |
| xii. | 20443-45 | xxiv. | 20530 |

      Plaintiff filed a brief to "assist" the Court in its *in camera* review. (Filing No. 152).

      Federal Rule of Civil Procedure 26(b) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The dispute before the court implicate the scope of the attorney-client privilege. "'The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.'"[1] *United States v. Yielding*, 657 F.3d 688, 706-07 (8th Cir. 2011) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The attorney-client privilege "protects confidential communications between a client and her attorney made for the purpose of facilitating the rendition of legal services to the client." *Id.* at 707. The

---

[1] Because Plaintiff's claims arise under federal law, the federal law of privilege applies to this issue. See *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

principle behind the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389. The same objectives of the attorney-client privilege "apply to governmental clients" and "aid[] government entities and employees in obtaining legal advice founded on a complete and accurate factual picture." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169-70 (2011) (quoting 1 Restatement (Third) of the Law Governing Lawyers § 74, Comment b, pp. 573-574 (1998)).

For the attorney-client privilege to apply, "the parties to the communication in question must bear the relationship of attorney and client," and "the attorney must have been engaged or consulted by the client for the purpose of obtaining legal services or advice services or advice that a lawyer may perform or give in his capacity as a lawyer, not in some other capacity." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978) (en banc). The attorney-client privilege also applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role in addition to when they represent their clients in litigation. *Martinez v. Cty. of Antelope, Nebraska*, No. 4:15CV3064, 2016 WL 3248241, at *7 (D. Neb. June 13, 2016) (citing *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996)). Additionally, "factual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege." *Crutcher-Sanchez v. Cty. of Dakota, Neb.*, No. 8:09CV288, 2011 WL 612061, at *7 (D. Neb. Feb. 10, 2011). The attorney-client privilege does not apply where a lawyer acts in another capacity, such as a scrivener or business advisor. See *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984) (citations omitted); *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) (citation omitted) ("[W]hen an attorney acts in other capacities, such as a conduit for a client's funds, as a scrivener, or as a business advisor, the privilege does not apply."). When a client communicates with an attorney, it is "prima facie committed for the sake of legal advice and [is], therefore, within the privilege absent a clear showing to the contrary." *Diversified*, 572 F.2d at 610. A party withholding documents based on attorney-client or work-product privilege bears the burden of proving that privilege. See *id*. at 609.

As with any entity, when deciding if a governmental entity's emails are privileged, the court considers whether (1) the communication was made for the purpose of securing legal advice; (2) the employee who made the communication did so at the direction of her superior; (3) the superior was making the request to obtain legal advice for the entity; (4) the subject matter of the

communication is within the scope of the employees' duties; and (5) the communications between the employee and the attorney were not disseminated beyond those persons who, because of the entity's structure, needed to know its contents. *Martinez,* No. 4:15CV3064, 2016 WL 3248241, at *7.

The Court has reviewed the emails withheld by the City *in camera*. Although Plaintiff speculates that the withheld emails could contain non-privileged business advice, evidence of a "plan" that may be subject to waiver, or routine factual updates to counsel that do not implicate the privilege, after review of the emails submitted by the City in *camera*, the Court finds Defendants have properly withheld these emails on the basis of attorney-client privilege. The withheld portions of emails contain information communicated by City officials to attorneys for the City for the purpose of securing legal advice or to determine how to proceed, and responses on how to proceed. The subject matter of the emails were within the scope of the City attorneys' duties in providing legal advice to the City, not business advice. "The attorney-client privilege is strongest where a client seeks counsel's advice to determine the legality of conduct before taking action." *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 643 (8th Cir. 2001) (quoting *United States v. Jacobs*, 117 F.3d 82, 88 (2d Cir. 1997)); see also *Mauer v. Union Pac. R.R. Co.*, No. 8:19CV410, 2021 WL 4948931, at *1 (D. Neb. Oct. 25, 2021) ("The essence of providing legal advice is applying the facts to the law and providing an opinion to the client on how to lawfully proceed."). As such, the Court finds the City has properly withheld these communications as they are protected by the attorney-client privilege.

The Court will also disabuse the Plaintiff of its notion that the crime-fraud exception has any applicability here. Under the crime-fraud exception, the attorney-client privilege "does not extend to communications made for the purpose of getting advice for the commission of a fraud or a crime." *In re Green Grand Jury Proc.*, 492 F.3d 976, 979 (8th Cir. 2007) (quoting *United States v. Zolin*, 491 U.S. 554, 563 (1989)). Under the crime-fraud exception, "'[a]ttorney-client communications lose their privileged character when the lawyer is consulted not with respect to past wrongdoings but rather to further a continuing or contemplated criminal fraud or scheme.'" *Id.* To invoke the crime-fraud exception, a party must demonstrate "a factual basis adequate to support a good faith belief by a reasonable person that the crime-fraud exception applies," which entails "a specific showing that a particular document or communication was made in furtherance

3

of the . . . alleged crime or fraud." *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 642 (8th Cir. 2001).

Plaintiff cites three emails to support this "crime-fraud" allegation. First, Plaintiff refers to an email from City Attorney Michelle Peters wherein she "appears to have provided advice to thwart what she perceived to be favored treatment of BJ's competitor, BMI." Plaintiff also cites an email from Defendant Steven Slater to Ms. Peters that appears to address Plaintiff's allegations that "Defendants improperly decided to award the bid to BMI despite the fact it did not submit a conforming bid," as well as "emails regarding [Rodeny] Johnson's protest of the award." (Filing No. 152 at pp. 8-9). None of these emails suggest criminal or fraudulent activity. Instead, these appear to be emails Plaintiff believes would be helpful to its civil claims for constitutional violations. The crime-fraud exception does not apply to attorney-client communications just because Plaintiff believes attorney-client communications may provide helpful evidence to support civil claims, none of which are for fraud or have any element of fraud. See, e.g., *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 529 (D. Minn. 2002) (stating that the analysis of the crime-fraud exception requires a threshold showing the attorney-client communications are linked to "a specific cause of action based on fraud or a cause of action requiring an element of fraud, such as fraudulent intent."). As such, the Court wishes to make it clear Plaintiff did not make a threshold showing "of a factual basis adequate to support a good faith belief by a reasonable person" that the crime-fraud exception applies, and it did not grant the *in camera* review on that basis.

**IT IS ORDERED** that Defendants properly withheld the documents reviewed *in camera* on the basis of attorney-client privilege.

Dated this 3rd day of May, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge