IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BJ'S FLEET WASH, LLC,<br><br>    **Plaintiff,**<br><br> vs.<br><br>CITY OF OMAHA; MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ and STEVEN SLATER, in their individual capacities;<br><br>    **Defendants.** | 8:22CV131<br><br>ORDER |

  This matter is before the Court on Defendants' Motion to Exclude the Plaintiff's Expert Witnesses (Filing No. 160). Defendants "request[] that this Court exclude any witness the Plaintiff may call in the future to offer expert opinion testimony under Federal Rules of Evidence 702, 703, or 705, from motion, hearing, or trial, as the Plaintiff has failed to provide the required expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) and/or 26(a)(2)(C)" within the expert disclosure deadlines provided by the Court's case progression orders. (Filing No. 161 at p. 4). Defendants move for such relief under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

  "Under Federal Rule of Civil Procedure 26(a), the 'failure to disclose [expert materials] in a timely manner is equivalent to a failure to disclose.'" *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 771 (8th Cir. 2020) (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 37(c)(1). The advisory committee notes describe this as "a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" for sanctions. *Id.* (citing Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). "[B]y its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) *and then* seeks to use the information 'on a motion, at a hearing, or at a trial.'" *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)) (emphasis added).

As Plaintiff points out, Defendants' motion is based solely upon the expiration of the case progression deadlines to disclose experts—Plaintiff has not actually "retained an expert or indicated an intention to introduce expert testimony from a non-retained expert," nor has Plaintiff requested additional time to do so. (Filing No. 162 at p. 1). Plaintiff has therefore not sought "to use the [undisclosed] information" on a motion, at a hearing, or at trial. See Fed. R. Civ. P. 37(c)(1). Nor has Plaintiff sought to modify the case progression order under Rule 16(b) to ask for additional time to make expert disclosures. As such, there is no live controversy for which the Court can appropriately enter relief. See *Petrone*, 940 F.3d at 435 ("Rule 37(c)(1) "addresses what to do if a party fails to disclose information as required by Rule 26(a) *and* attempts to use that information on a motion, at a hearing, or at a trial.") (emphasis in original). Rule 37(c)(1)'s sanction for non-disclosure is self-executing. See *Vanderberg*, 906 F.3d at 702. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Exclude the Plaintiff's Expert Witnesses (Filing No. 160) is denied.

Dated this 24th day of June, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge