IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BJ'S FLEET WASH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OMAHA, and MATT KALCEVICH, BROOK BENCH, KARI VASQUEZ, and STEVEN SLATER, in their individual capacities, <br><br> Defendants. | **8:22CV131** <br><br><br> **MEMORANDUM AND ORDER** |

This case arises from plaintiff BJ's Fleet Wash, LLC's ("BJ's") complaints over the award of certain contracts and alleged racial bias by defendants City of Omaha (the "city"), Matt Kalcevich, Brook Bench, Kari Vasquez, and Steven Slater (collectively, the "defendants"). After surviving summary judgment (Filing No. 200), BJ's participated in a third-party mediation with the defendants on April 10, 2025.

That mediation resulted in a settlement agreement (formally referred to as the "Mediated Settlement Memorandum") signed by the parties. The settlement agreement promised the city would "pay to [BJ's] the sum of $575,000.00" once approved by the mayor and the city council (Filing No. 221-1).[1] The defendants also agreed to pay half the mediation costs. In return, BJ's promised to provide a "full and complete release and discharge of all claims [BJ's] has, claims to have, or in the future may have against [the defendants] and their/its agents, employees, heirs, successors, assigns, and insurers arising out of the dispute." BJ's also promised to provide a warranty that it was the sole owner of

---

[1]The city council passed a resolution approving the settlement agreement on June 17, 2025 (Filing No. 220). The resolution was then signed by the mayor (Filing No. 221-1).

all such claims and pay half of the mediation costs. Both parties agreed the case would be dismissed with prejudice.

Less than a week later, BJ's counsel, Adam Sipple ("Sipple"), moved to withdraw his representation, explaining Rodney Johnson ("Johnson"), the sole member of BJ's, was no longer willing to settle the case (Filing No. 205). The magistrate judge[2] held a hearing on the matter (Filing No. 208), granted Sipple's request to withdraw (Filing No. 211), and attorneys Lynae Tucket-Chellew and Keith Dornan entered their appearance on BJ's behalf (Filing Nos. 209, 210).

After another telephone-conference (Filing No. 214) and a six-hour court-supervised settlement-conference, the parties remained at an impasse (Filing No. 216). The magistrate judge convened two more telephone-conferences, but Johnson still refused to sign the settlement and release drafted by the defendants.

The defendants then filed a Motion to Enforce the Settlement Agreement (Filing No. 219). The defendants now ask the Court for an order (1) permitting the city to deposit $575,000 with the Clerk of Court; (2) releasing and discharging "all claims [BJ's] has, claims to have, or in the future may have against the [defendants] and their/its agents, employees, heirs, successors assigns and insurers arising out of the dispute"; (3) dismissing this case with prejudice; and (4) entering a satisfaction of judgment upon the Clerk of Court's receipt of the $575,000. BJ's opposed the motion (Filing Nos. 223, 224) and requested an evidentiary hearing. The magistrate judge held the hearing on November 7, 2025 (Filing No. 234). Based on the testimony and evidence adduced at that hearing, the magistrate judge found the settlement agreement was valid and enforceable.

The matter is now before the Court on the magistrate judge's Findings and Recommendation (Filing No. 242) recommending that the defendants' motion be granted.

---

[2]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

*See* 28 U.S.C. § 636(b)(1) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for disposition by the Court).

Section 636(b)(1) allows a party to object in writing to a magistrate judge's "proposed findings and recommendations" regarding a dispositive matter "[w]ithin fourteen days after being served with a copy" of the proposed disposition. *See also* Fed. R. Civ. P. 72(b)(3); NECivR 72.2. But when neither party objects to those findings, no review is required. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but any review by the district court.").

More than fourteen days have passed and neither party has objected. To the contrary, BJ's filed a Notice of Non-Objection (Filing No. 243) "waiv[ing] all objection[s] to the Findings and Recommendations" of the magistrate judge.[3] That said, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. The Court retains "substantial control over the ultimate disposition of matters referred to a magistrate," *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994), and "may accept, reject, or modify," the Findings and Recommendation "in whole or in part," 28 U.S.C. § 636(b)(1).

While the Court agrees with the magistrate judge's sound reasoning and determination that the settlement agreement is both valid and enforceable, the Court declines to direct the defendants to deposit a check with the Clerk of the Court. Nor will the Court order the Clerk of Court to distribute the funds in the manner requested in the

---

[3]The notice also requests that the Court order the Clerk of Court to "issue payment no later than March 20, 2026, as follows: $270,000.00 to the Plaintiff[,] $230,000.00 to Dornan, Howard, Breitkreutz, Dahlquist & Kline PC LLO[, and] $75,000.00 to Sipple Law PC LLO" after defendants deposit the $575,000. Sipple has filed a notice of consent (Filing No. 244) agreeing to this arrangement. BJ's also filed an affidavit consenting to the payment distribution (Filing No. 245).

parties' notices (Filing Nos. 243-45).  The settlement agreement requires the defendants to pay $575,000 to BJ's and is silent regarding BJ's fee arrangement with its counsel.

The parties' proposed distribution schedule was also absent from both the settlement agreement and the Findings and Recommendation.  And since the parties' notices all express agreement with their proposed payment distribution, the Court sees no need for the Clerk of Court to play a role.

Accordingly,

IT IS ORDERED:

1.  The magistrate judge's Findings and Recommendation (Filing No. 242) is accepted as modified herein.

2.  Defendants City of Omaha, Matt Kalcevich, Brook Bench, Kari Vasquez, and Steven Slater's Motion to Enforce the Settlement Agreement (Filing No. 219) is granted in part and denied in part as described above.

3.  This case is dismissed with prejudice.

Dated this 17th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

4